IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30837
Conference Calendar
_____

RONALD JEROME FISHER,

                                        Petitioner-Appellant,

versus

CARL CASTERLINE,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-995
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Ronald Jerome Fisher, federal prisoner # 20604-077, was

convicted in 1992 of, inter alia, conspiracy to possess with

intent to distribute cocaine and possession with intent to

distribute cocaine, and he was sentenced to life in prison as a

habitual offender.  He filed a habeas corpus petition under

28 U.S.C. § 2241 challenging his life sentence.  That petition

was dismissed by the district court.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Fisher argues that he should be able to bring his claims, that he is actually innocent of his sentence enhancement and that he received ineffective assistance of counsel, under 28 U.S.C. § 2241 via the savings clause of 28 U.S.C. § 2255.

"[T]he savings clause of [28 U.S.C.] § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first [28 U.S.C.] § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Because the case upon which Fisher relies, Sawyer v. Whitley, 505 U.S. 333 (1992), was decided before Fisher was convicted and because Sawyer did not legitimize drug-trafficking crimes, Fisher cannot avail himself of the savings clause of 28 U.S.C. § 2255. See Reyes-Requena, 243 F.3d at 904.

AFFIRMED.